# EXHIBIT A

STATE OF MINNESOTA                                    DISTRICT COURT

COUNTY OF DAKOTA                                      FIRST JUDICIAL DISTRICT

---

Elsee Bradley III,                                    Court File No.

    Plaintiff,                                     **SUMMONS**
                                                      Jury/Advisory Jury Trial Requested
vs.

Compass Airlines, LLC,
Compass Airlines, Inc., and
Trans States Holdings, Inc.,
collectively d/b/a/ Compass Airlines,

    Defendants.

---

THIS SUMMONS IS DIRECTED TO DEFENDANT:

    **YOU ARE BEING SUED.** The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this Summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this summons.

    **YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS.** You must give or mail to the person who signed this Summons a written response called an Answer within 20 days of the date on which you received this Summons. You must send a copy of your Answer to the person who assigned this Summons located at: 1660 South Highway 100, Suite 508E, St. Louis Park, MN 55416.

    **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should be given everything asked for in the Complaint, you must say so in your Answer.

    **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 20 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the Complaint. If you do not want to contest the claims stated in the Complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the Complaint.

**LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.

**ALTERNATIVE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

LAURIE & LAURIE, P.A.

Dated: 9/6, 2012.

Ian S. Laurie (029116X)
Gerald T. Laurie (61116)
Leanne Fuith (0390795)
1660 South Highway 100
508 E. Parkdale Plaza
St. Louis Park, MN 55416
(952) 738-0191
(952) 544-7151 facsimile

ATTORNEYS FOR PLAINTIFF
ELSEE BRADLEY

| STATE OF MINNESOTA | DISTRICT COURT |
|---|---|
| COUNTY OF DAKOTA | FIRST JUDICIAL DISTRICT |

Elsee Bradley III,

    Plaintiff,

vs.

Compass Airlines, LLC,
Compass Airlines, Inc., and
Trans States Holdings, Inc.,
collectively d/b/a/ Compass Airlines,

    Defendants.

Court File No.

**SUMMONS**
Jury/Advisory Jury Trial Requested

---

THIS SUMMONS IS DIRECTED TO DEFENDANT:

    **YOU ARE BEING SUED.** The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this Summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this summons.

    **YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS.** You must give or mail to the person who signed this Summons a written response called an Answer within 20 days of the date on which you received this Summons. You must send a copy of your Answer to the person who assigned this Summons located at: 1660 South Highway 100, Suite 508E, St. Louis Park, MN 55416.

    **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should be given everything asked for in the Complaint, you must say so in your Answer.

    **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 20 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the Complaint. If you do not want to contest the claims stated in the Complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the Complaint.

     **LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.

     **ALTERNATIVE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

LAURIE & LAURIE, P.A.

Dated: __9/6__, 2012.

Ian S. Laurie (029116X)
Gerald T. Laurie (61116)
Leanne Fuith (0390795)
1660 South Highway 100
508 E. Parkdale Plaza
St. Louis Park, MN 55416
(952) 738-0191
(952) 544-7151 facsimile

**ATTORNEYS FOR PLAINTIFF**
**ELSEE BRADLEY**

RECEIVED SEP 0 6 2012

STATE OF MINNESOTA                                    DISTRICT COURT

COUNTY OF DAKOTA                                      FIRST JUDICIAL DISTRICT

---

Elsee Bradley III,                                    Court File No.

    Plaintiff,                                    **SUMMONS**
                                                  Jury/Advisory Jury Trial Requested
vs.

Compass Airlines, LLC,
Compass Airlines, Inc., and
Trans States Holdings, Inc.,
collectively d/b/a/ Compass Airlines,

    Defendants.

---

THIS SUMMONS IS DIRECTED TO DEFENDANT:

    **YOU ARE BEING SUED.** The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this Summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this summons.

    **YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS.** You must give or mail to the person who signed this Summons a written response called an Answer within 20 days of the date on which you received this Summons. You must send a copy of your Answer to the person who assigned this Summons located at: 1660 South Highway 100, Suite 508E, St. Louis Park, MN 55416.

    **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should be given everything asked for in the Complaint, you must say so in your Answer.

    **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 20 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the Complaint. If you do not want to contest the claims stated in the Complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the Complaint.

RECEIVED SEP 0 6 2012

**LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.**

**ALTERNATIVE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

LAURIE & LAURIE, P.A.

Dated: 9/6, 2012.

Ian S. Laurie (029116X)
Gerald T. Laurie (61116)
Leanne Fuith (0390795)
1660 South Highway 100
508 E. Parkdale Plaza
St. Louis Park, MN 55416
(952) 738-0191
(952) 544-7151 facsimile

**ATTORNEYS FOR PLAINTIFF
ELSEE BRADLEY**

RECEIVED SEP 0 6 2012

STATE OF MINNESOTA                                            DISTRICT COURT

COUNTY OF DAKOTA                                              FIRST JUDICIAL DISTRICT

---

Elsee Bradley III,                                            Court File No.

    Plaintiff,                                            **COMPLAINT**
                                                              Jury/Advisory Jury Trial Requested
vs.

Compass Airlines, LLC,
Compass Airlines, Inc., and
Trans States Holdings, Inc.,
collectively d/b/a/ Compass Airlines,

    Defendants.

---

For his Complaint against Defendants (collectively Compass Airlines), Plaintiff Elsee Bradley III states and alleges as follows:

1. Plaintiff Elsee Bradley is a 30-year-old African American who resides in Houston, Texas with his wife, a flight attendant for another airline, and two small children. He was born and raised in Chicago, Illinois, and became a pilot while attending Texas Southern University. He is a certified flight instructor (including the advanced status of instrument and multiengine instruction) and regularly teaches and instructs aspiring pilots.

2. Defendants Compass Airlines, LLC and Compass Airlines, Inc. are Delaware corporations which own and operate a commercial airline with its principle place of business and headquarters in Eagan, Minnesota in Dakota County. Compass Airlines is a wholly-owned subsidiary of Trans States Holdings, Inc., on information and

RECEIVED SEP 0 6 2012

belief a Missouri corporation. Compass is a Delta connection carrier, and purports to fly 190 flights in 57 cities daily.

3. Plaintiff was hired as a first officer by Compass on or about February 8, 2008. In October 2008, he was promoted to Captain.

4. Plaintiff was assigned to work on the "line," a term used to define a group of pilots who actually flew airplanes, as opposed to those pilots who had office jobs or other supervisory or administrative functions. In addition to his duties as a Captain, Compass asked Plaintiff to serve as a pilot recruiter, where he would routinely meet and recruit prospective pilots at schools and events around the country. He was also hand-selected to fly the inaugural Compass airplane featuring Delta's logo (after Northwest Airlines merged with Delta) in a big ceremony with employees, media coverage and presentation of the plane to the city of Louisville.

5. Plaintiff had an excellent record of performance and safety as a Captain. He was responsible for flying the 76-seat Embraer 175 airplane on many different routes and destinations without incident.

6. Compass has a poor record of hiring minority pilots. Plaintiff was one of the only African American pilots employed by Compass. On information and belief, of the approximately 400 pilots employed by Compass, only seven were African American. There are only two African American Captains. Also on information and belief, at least one of the other African American pilots was fired by Compass in violation of his civil rights, only to be rehired after legal action.

RECEIVED SEP 0 6 2012

7. Compass has a practice of holding minority pilots to different standards than their Caucasian counterparts. This is most evident in Compass' recurrent training program, where African Americans are routinely required to exceed standards. Caucasian employees are merely required to meet standards.

8. In late 2010, Plaintiff was required to participate in Compass's recurrent ground training program in Minnesota. Pilots are required to receive a passing grade from evaluators in the training program. During training on a flight simulator, Plaintiff's evaluator became upset with Plaintiff and raised his voice. He loudly referred to Plaintiff as "*you* fuckin' people" twice, referring to his race. Both Plaintiff, who was Captain in the simulator, and his first officer objected to the offensive statements. When asked by Plaintiff to explain his comments, the evaluator became increasingly agitated and hostile. Plaintiff was so upset at the offending conduct of his evaluator that he could not finish the simulation and was subsequently given a "not satisfactory" grade.

9. After the simulation, Plaintiff complained about the racial harassment to the evaluator's supervisor, Bill Whyte, who summarily told him to "get out of his office." Plaintiff was not allowed to complete his simulator training or to retake it. In addition, Plaintiff complained to his supervisor who did not respond. As a result, Plaintiff wrote a letter to human resources indicating that he was a victim of race discrimination.

10. Since this complaint of discrimination to Mr. Whyte, Compass retaliated against Plaintiff by requiring him to undergo non-standard training and holding him to a

3

RECEIVED SEP 0 6 2012

much higher standard than his Caucasian counterparts. By way of example, he would complete a simulator training without any indication that there was anything wrong with the flight. On some simulations he was told that he did "fine." The standard practice was for the evaluator to go into debriefing with the pilot immediately after the simulation. However, some of Plaintiff's evaluators would speak in private with Mr. Whyte prior to the debriefing, which resulted in a "non satisfactory" score requiring Plaintiff to retake the training. Compass is able to mask retaliatory efforts because scoring a training session is mostly a subjective exercise.

11. In retaliation for his complaint of race discrimination, Compass routinely failed Plaintiff in his training, and then demoted him from a Captain to a First Officer. This demotion required him to undergo the same "initial training" which is required of new pilots. However, he was required to maintain training scores at a Captain-level that no other pilot had to achieve. In addition, Compass dramatically reduced his work hours, where he was only participating on about one training session per month. He was not flying at all during this time. Compass informed Plaintiff that he had "leadership issues," even though he had successfully captained its planes for about a year-and-a-half without any incident. As a result, Compass put Plaintiff through an approximately four to five hour oral exam which, on information and belief, none of the Caucasian employees had to undergo.

12. During this period of continued harassment and retaliation, Plaintiff provided a written complaint through his union noting that, "Bill Whyte the manager of training has some racially personal dispute with me that I am not aware of," and concluded by

4

RECEIVED SEP 0 6 2012

stating that he, "should not have to go to work and worry about if I will be racially discriminated against today!"

13. Compass continued to retaliate against Plaintiff by overly scrutinizing his performance and by doing things like requiring a death certificate or obituary notice when Plaintiff took time off to attend a family funeral. The airline also required Plaintiff to provide multiple doctors letters supporting Plaintiff's assertion that he could not fly to a meeting because he had an ear infection.

14. Compass's retaliation against Plaintiff culminated in Plaintiff's termination by Compass on February 9, 2011.

### COUNT I: RACE DISCRIMINATION IN VIOLATION OF THE MINNESOTA HUMAN RIGHTS ACT

15. The Minnesota Human Rights Act states that it is an unfair employment practice for an employer, because of...race to...discharge an employee; or discriminate against a person with respect to hiring, tenure, compensation, terms, upgrading, conditions, facilities, or privileges of employment. Minn. Stat. 363A.08, subd. 2 (2) and (3).

16. Defendants engaged in race discrimination in violation of Section 363A.08, subdivisions 2 (2) and (3) of the Minnesota Human Rights Act.

17. Defendants engaged in a pattern and practice of race discrimination against Plaintiff by making racially offensive comments, failing to discipline those who made such comments, failing to follow its policies and procedures or to fairly enforce its policies and procedures, holding minorities to a higher standard than non-minorities and otherwise fostering a racially-insensitive workplace among other things.

5

RECEIVED SEP 0 6 2012

18. As a result of such discrimination, Plaintiff has suffered damages, including but not limited to lost wages and other benefits, interest, mental anguish and embarrassment, and attorneys fees and costs, among other damages.

## COUNT II: REPRISAL IN VIOLATION OF THE MINNESOTA HUMAN RIGHTS ACT

19. It is an unfair discriminatory practice for any individual who participated in the alleged discrimination as a perpetrator [or] employer... to intentionally engage in any reprisal against any person because that person opposed a practice forbidden under [the Minnesota Human Rights Act]. Minn. Stat. 363A.15.

20. The Minnesota Human Rights Act further defines reprisal as any form of intimidation, retaliation, or harassment as well as transferring or assigning an employee to a lesser position in terms of wages, hours, job classification, job security, or other employment status. Minn. Stat. 363A.15, subd. 2.

21. Defendants violated the Minnesota Human Rights Act when it engaged in reprisal against Plaintiff.

22. As a result of Defendants' conduct, Plaintiff has suffered damages, including but not limited to lost wages and other benefits, interest, mental anguish and embarrassment, and attorneys fees and costs, among other damages.

## IV. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

A. Awarding him backpay in an amount which fully compensates him for all wages and other employment benefits lost (including, but not limited to, raises which would have been received and healthcare and retirement benefits) from the date his employment with Defendants ended until the date of the trial;

RECEIVED SEP 0 6 2012

B. Awarding Plaintiff front pay, including lost wages and benefits, from the date of the trial onward, in an amount and for such a period of time as is necessary to fully compensate Plaintiff for the harm inflicted upon him in an amount in excess of $50,000;

C. Awarding Plaintiff damages for mental anguish and suffering in an amount in excess of $50,000;

D. Awarding Plaintiff triple the amount of all damages under the Minnesota Human Rights Act;

E. Awarding the State of Minnesota a substantial civil penalty together with attorneys fees;

F. Awarding Plaintiff the full, reasonable attorneys fees, costs, disbursements, and prejudgment interest for his claims under the Minnesota Human Rights Act; and

RECEIVED SEP 0 6 2012

G. Awarding such further equitable and injunctive relief as the Court may deem appropriate including possibly: (1) reinstatement; (2) an order prohibiting Defendants from racially discriminating against its pilot employees and (3) an order requiring Defendants to provide training to prevent discrimination.

LAURIE & LAURIE, P.A.

Dated: 9/6, 2012.

Gerald T. Laurie (61116)
Ian S. Laurie (029116X)
Leanne Fuith (0390795)
1660 South Highway 100
508 E. Parkdale Plaza
St. Louis Park, MN 55416
(952) 738-0191
(952) 544-7151 facsimile

ATTORNEYS FOR PLAINTIFF
ELSEE BRADLEY III

8

RECEIVED SEP 0 6 2012

## ACKNOWLEDGMENT

The undersigned hereby acknowledges that costs, disbursements, and reasonable attorney and witness fees may be awarded pursuant to Minn. Stat. § 549.212 to the party against whom allegations in this pleading are asserted.

LAURIE & LAURIE, P.A.

Dated: 9/6 , 2012.

Ian B. Laurie (029116X)
Gerald T. Laurie (61116)
Leanne Fuith (0390795)
1660 South Highway 100
508 E. Parkdale Plaza
St. Louis Park, MN 55416
(952) 738-0191
(952) 544-7151 facsimile

**ATTORNEYS FOR PLAINTIFF
ELSEE BRADLEY**

9